UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-78-GFVT

RAYMOND WELLS,                                                                    PLAINTIFF,

V.                              **MAGISTRATE JUDGE'S REPORT
                                 AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                 DEFENDANT.

## I. INTRODUCTION

Plaintiff, Raymond Wells, brings this action under 42 U.S.C. § 405(g) and 5 U.S.C. § 706, to challenge Defendant Commissioner's final decision denying his application for Supplemental Security Income ["SSI"].  [R. 2].  This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  [R. 13].  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that Plaintiff's Motion for Summary Judgment [R. 10, 11] be denied, Defendant Commissioner's Motion for Summary Judgment [R. 12] be granted, and Judgment be entered affirming the final decision of the Commissioner.

## II. FACTS & PROCEDURAL HISTORY

Wells was born in 1956 and was forty-nine [49] years old at the alleged onset date of his disability.  [Tr. 69, 85].  He does not have a permanent residence, and lives intermittently with various family members.  [Tr. 21].  Plaintiff has a ninth grade education with no special training. [Tr. 88].  He lists his previous work experience as a construction laborer from 1992 to 1994 and from

2001 to 2003.  [R. 86].

Wells alleges that his disability began on April 1, 2006.  [Tr. 85].  In the Disability Report, Form SSA-3368, he claimed that he was unable to work as a result of back problems, a bulging disc, and arthritis.  [Id.].  In addition, Plaintiff complains of nerves.  [Id.].

As a result of his impairments, Wells filed for disability benefits on April 3, 2006.  [Tr. 69]. His claims were denied initially and on reconsideration.  [Tr. 48-51, 54-57].  Following the denial, he requested a hearing in front of an Administrative Law Judge ["ALJ"].  [Tr. 58-59].  On September 13, 2007, a hearing was held in front of ALJ James P. Alderisio in London, Kentucky.  [Tr. 16]. Plaintiff was present and represented by counsel, Melody Simpson.  [Id.].  During the hearing, the ALJ sought testimony from Wells and a vocational expert.  [Tr. 17-32].

The ALJ ruled against Plaintiff in a written decision dated January 29, 2008.  [Tr. 8-15].  The ALJ found that Wells suffered from the following severe combination of impairments: a history of joint and back pain, and anxiety disorder.  [Tr. 10].  Despite these impairments, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  [Tr. 11]. Continuing with his evaluation, the ALJ found that Wells had the residual functional capacity to:

> perform medium exertional work that requires no more than occasional climbing of
> ramps and stairs and no climbing ladders, ropes, and scaffolds.  The claimant must
> avoid exposure to hazardous machinery or jobs requiring driving.  [T]he claimant is
> limited to jobs that require no more than a limited but satisfactory ability to deal with
> coworkers, supervisors, and the public, deal with stress, and maintain attention and
> concentration to carry out 1-2 step instructions.

[Id.].  The ALJ found that Plaintiff was unable to perform any past relevant work [Tr. 13], but that "[c]onsidering [his] age, education, work experience, and residual functional capacity, there are jobs

2

that exist in significant numbers in the national economy that [he] can perform." [Tr. 14]. Based on these findings, the ALJ determined that Wells did not suffer from a "disability" as defined in the Social Security Act. [Id.]. The Appeals Council denied Plaintiff's subsequent request for review. [Tr. 1-3].

Wells initiated the present action on March 9, 2009, by filing a complaint in the U.S. District Court for the Eastern District of Kentucky. [R. 2]. In his Motion for Summary Judgment [R. 10, 11], Plaintiff asserts that the ALJ's decision is not supported by substantial evidence. Defendant Commissioner responds that the ALJ complied with the applicable regulations, and substantial evidence supports his decision to deny benefits. [R. 12].

## III. STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also, Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004) (internal quotations and citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review is intended to prevent the reviewing court from substituting its judgment for that of the ALJ. So long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402

3

F.3d 591, 595 (6th Cir. 2005) (internal quotations and citations omitted).  Sixth Circuit precedent suggests that a finding of "no substantial evidence," and potential reversal of the agency decision, would be appropriate in situations where the ALJ:  ignores uncontested, compelling evidence for one side; makes no express findings on witness credibility; or makes a ruling based on facts with "little if any evidentiary value."  Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also, Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975).  Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently."  Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV.  ANALYSIS

Wells argues that the ALJ's decision should be reversed because: (1) the ALJ did not properly assess his credibility, (2) the ALJ did not properly consider the combined effect of his impairments, and (3) the ALJ's hypothetical question to the vocational expert did not accurately portray his exertional and nonexertional limitations.  [R. 10, 11].  Plaintiff's arguments will be addressed in turn.[1]

### (A)    The ALJ's Credibility Determination

In determining that Wells could perform medium work, the ALJ found that his "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but [his] statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible."  [Tr. 13].  The ALJ's credibility determination complied with the social security regulations, and is supported by substantial evidence.

---

[1] Wells does not challenge the ALJ's findings and conclusion regarding his alleged mental impairment and resulting limitations.  [see generally R. 10, 11].

4

SSR 96-7p sets forth a two-step process for evaluating a claimant's symptoms:

First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment...that could reasonably be expected to produce the individual's pain or other symptoms. ...Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.  For this purpose, whenever the claimant's subjective complaints are not substantiated by objective medical evidence, the ALJ must make a credibility determination based on a consideration of the entire case record.

SSR 96-7p, "Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements."  (July 2, 1996).  In assessing the credibility of an individual's statements, the ALJ is to consider:

(1)     The claimant's daily activities;

(2)     The location, duration, frequency, and intensity of the claimant's pain and other symptoms;

(3)     Precipitating and aggravating factors;

(4)     The type, dosage, effectiveness, and side effects of any medication which the claimant takes or has taken to alleviate pain or other symptoms;

(5)     Treatment, other than medication, which the claimant receives or has received for relief of pain or other symptoms;

(6)     Any measures the claimant uses or has used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

(7)     Other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

In the instant matter, the ALJ complied with the regulations by providing specific reasons,

supported by evidence in the case record, for not fully crediting Plaintiff's complaints of constant and severe pain.  For instance, the ALJ observed that Wells received conservative treatment for his back and neck pain.  [Tr. 10; see also Tr. 171-76].  The ALJ also noted that, while Plaintiff testified at the evidentiary hearing that he had a history of seizures, no medical evidence of seizures appeared in the record and Plaintiff made no mention of seizures during the physical examinations of February 1998 and May 2006.  [Tr. 11-13; see also Tr.176-81].  Finally, and most supportive of the ALJ's credibility determination, the ALJ noted that the record evidence did not corroborate Wells' claims.  [Tr. 13].  For instance, while Plaintiff's treatment records from October 1994 to February 1998 indicate subjective evidence of joint and muscle pain, the physical examination findings reflect no evidence of herniated discs or nerve root involvement, and indicate that Plaintiff's range of motion and straight leg raising was normal.  [see Tr. 176].  Moreover, the report of consultative examiner Dr. Raymond Santucci, dated May 13, 2006, reflects that Wells' neurological examination was "completely normal," there was no evidence of muscle atrophy, his range of motion studies and spine curvature were normal, and he could "stand on either leg without difficulty."  [see Tr. 177-82].

Upon review, an ALJ's determination of credibility is to be accorded "great weight and deference, particularly since an ALJ is charged with the duty of observing the witness's demeanor and credibility."  Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003).  The ALJ's credibility determination complied with the pertinent regulations, and is supported by substantial evidence.  Accordingly, Plaintiff's first claim of error must fail.[2]

---

[2]  In finding that Well's subjective complaints were not fully credible, the ALJ also relied on Wells' lack of medical treatment.  However, the ALJ failed to address Plaintiff's statement at the evidentiary hearing that he could not obtain medical treatment because he lacked medical insurance.  [see Tr. 22].  SSR 96-7p instructs that the ALJ is to consider the claimant's reasons for failing to seek regular treatment, including the inability to afford treatment.  Nevertheless, the ALJ failure to address Wells' alleged inability to afford

**(B)     The ALJ's Evaluation of Plaintiff's Impairments**

Wells' contention that the ALJ failed to consider the combined effects of his impairments is likewise without merit.  Plaintiff is correct that the regulations expressly require the ALJ to consider the combined effects of any impairments suffered by a claimant.  See 20 C.F.R. § 404.1523.  However, the ALJ satisfied this requirement.  Indeed, the ALJ expressly noted that he found Plaintiff's impairments to be severe in combination.  [Tr. 10].  Further, the ALJ included both physical and mental limitations in his residual functional capacity determination, as well as his hypothetical question to the vocational expert.  [see Tr. 11, 29].

Because the record clearly reflects that the ALJ considered the alleged impairments in combination, Wells' argument must fail.

**(C)     The ALJ's Hypothetical Question to the Vocational Expert**

Finally, the Court rejects Wells' argument that the ALJ's hypothetical question to the vocational expert did not accurately portray his exertional and nonexertional limitations.  During the evidentiary hearing, the ALJ posed the following hypothetical to the vocational expert:

> Suppose I find [Wells] can do medium work, with the following restrictions: no climbing of ladders, ropes, or scaffolding; no climbing of ramps and – no more than occasional climbing of ramps and stairs; no exposure to hazardous machinery; no driving jobs ... [a]nd he'd be limited to satisfactory in dealing with coworkers, the public, and supervisors, dealing with stress, maintaining his attention and concentration, and understanding and remembering and carrying out simple one-two step instructions.  Would there be jobs for such a person?

[Tr. 29].  The vocational expert answered the question in the affirmative, stating that this individual

---

treatment amounted to harmless error because he based his credibility determination on many factors, not merely on Wells' lack of medical treatment.  See Davis v. Astrue, No. 08-CV-122-GFVT, 2009 WL 2901216, at *1 (E.D. Ky., Sept. 3, 2009) (unpublished) ("The ALJ's failure to consider Davis's ability to afford medical treatment was a harmless error because the ALJ based Davis's credibility on various factors, not just on Davis's lack of frequent medical treatment.").

could perform the job of a dishwasher (2,500 jobs regionally and 101,000 jobs nationally), cleaner (14,900 jobs regionally and 1,000,000 jobs nationally) and cashier (2,500 jobs regionally and 163,000 jobs nationally).  [Tr. 30].

An ALJ's hypothetical questions "need only incorporate...those limitations which the ALJ has accepted as credible."  Infantado v. Astru, 263 Fed.Appx. 469, 476-77 (6th Cir. 2008) (unpublished) (citing Casey v. Sec'y of Health and Human Servs., 987 F.2d 1230, 1235 (6th Cir. 1993)).  For the reasons stated *supra*, the ALJ reasonably determined that Wells' complaints of constant and severe pain were not fully credible.  Accordingly, the ALJ was not required to incorporate them into his hypothetical question.  Moreover, substantial evidence supports the ALJ's determination that Plaintiff can perform medium work.  Indeed, consultative examiner Dr. Santucci documented that Wells "appears capable of performing a moderate amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling, lifting and carrying heavy objects..." and "has no difficulty reaching, grasping, and handling objects."  [Tr. 181].  These findings are consistent with the ability to perform medium work.  See 20 C.F.R. § 404.1567(c).

Because the limitations contained in the ALJ's hypothetical question were supported by substantial evidence, Plaintiff's final contention must fail.

<u>V.  CONCLUSION</u>

Therefore, for the reasons set forth above, it is recommended that Plaintiff's Motion for Summary Judgment [R. 10, 11] be DENIED, Defendant's Motion for Summary Judgment [R. 12] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632

(6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).   General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

    Signed October 22, 2009.

**Signed By:**

***Edward B. Atkins***   *EBA*

**United States Magistrate Judge**